

# In the Court of Criminal Appeals of Texas

No. WR-48,147-04

EX PARTE ROBERT MAXWELL FENLON,

*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. 825756-A in the 179th District Court
From Harris County

YEARY, J., filed a concurring opinion, in which SLAUGHTER, J., joined.

Applicant was convicted in 2000 of possession with intent to deliver a controlled substance and sentenced to thirty years' imprisonment. The First Court of Appeals affirmed his conviction in 2002. *Fenlon v. State*, No. 01-01-00062-CR, 2002 WL 31835768 (Tex. App.—Houston [1st Dist.] Dec. 19, 2002). In March of 2010, Applicant

filed an application for writ of habeas corpus in the county of conviction. TEX. CODE CRIM. PROC. art. 11.07. In his application, he alleges ineffective assistance of trial counsel, denial of the right to self-representation, lack of jurisdiction, no evidence, and prosecutorial misconduct.

Today, the Court remands this application to the trial court on the ineffective assistance of trial counsel ground in order to further develop the record and obtain a response from trial counsel. I join the Court's remand order. But I write separately to address my thoughts concerning the doctrine of laches and its possible application to this case. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014) (holding a trial court has the authority to *sua sponte* consider the doctrine of laches); *Ex parte Bazille*, ___ S.W.3d ___, No. WR-89,851-02, 2022 WL 108348 (Tex. Crim. App. Jan. 12, 2022) (Yeary, J., concurring).

The doctrine of laches ought to be considered in a case like this one. Applicant's appeal was finalized in 2002, but this writ application was not filed until over seven years later.[1] The record is also silent regarding circumstances that may excuse Applicant's delay, and at least some explanation for the long delay in filing should be provided. Consistent with this Court's precedent, the trial court "may *sua sponte* consider and determine whether laches should bar relief." *Smith*, 444 S.W.3d at 667. If the trial court does so, it must give Applicant the

---

[1] "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013) (citing *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting)).

opportunity to explain the reasons for the delay and give the State's prosecutors and/or former counsel for Applicant an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims. *Id.* at 670. And ultimately, the trial court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.

**FILED:**                                    December 7, 2022
**DO NOT PUBLISH**